```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

GLENN WINNINGHAM                §
                                §
VS.                             §   CIVIL ACTION NO. 4:12-CV-638-Y
                                §
ZACK WILLIS, et al.             §

<u>ORDER OF DISMISSAL</u>

On September 28, 2012, this Court entered an Order Denying Certain Motions and Issuing Sanctions Warning (doc. 16). In that order, the Court observed, among other things, that plaintiff Glenn Winningham's motions contained unfounded accusations and disrespectful comments and that Winningham's motion to remand was frivolous. The Court warned Winningham that any further disrespectful or frivolous filings could result in the imposition of sanctions, including those described in Federal Rule of Civil Procedure 11(c), dismissal of his complaint, or some combination thereof.

Nevertheless, Winningham further defied the Court's directives by submitting his Demand for Remand Back to Texas Court and Demand for Sanctions (doc. 17) and his Demand to Proceed Without Electronic Filing (doc. 18). In those documents, Winningham made even more baseless and frivolous allegations about the Court. These documents prompted the Court to enter an Order to Show Cause (doc. 22) under Rule 11(c). In that show-cause order, the Court gave Winningham until October 12, 2012, to show written cause as to why (1) his conduct should not be deemed a violation of Rule 11(b) and (2) his complaint should not be dismissed as a sanction for his failure to comply with the Court's orders.

On October 11, Winningham filed his response (doc. 23) to the show-cause order.[1]  Yet, in that response, Winningham described the Court's show-cause order as an "empty threat" and "an absolute nullity," among other things.  (Pl.'s SCO Response 1.)  He also accused the Court of "fraud" and expressed that he was "finished talking to [the Court] and his perjuring thugs."  (*Id.* at 2-3.)  Shortly thereafter, he persisted in his disrespect for the Court and filed a Demand to Proceed Without Electronic Filing or Demand for Other Alternatives (doc. 35).

Based on the foregoing, the Court concludes that Winningham's case should be dismissed as a sanction for his blatant disregard of the Court's orders and for repeatedly refusing to show proper respect to the Court.  Winningham has received ample notice that this sanction was likely to result if he continued in his willful disobedience of the Court's orders.  Accordingly, under Rule 11(c), it is ORDERED that all claims in the above-styled and -numbered cause are DISMISSED WITHOUT PREJUDICE.

SIGNED May 24, 2013.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[1] Winningham also filed a notice of appeal (doc. 24) to the United States Court of Appeals for the Fifth Circuit, but his appeal was dismissed for want of jurisdiction (doc. 34).

2